UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

In re The St. Paul Companies, Inc.          Civil File No. 02-3825 (PAM/RLE)
Securities Litigation

**ORDER**

---

This matter is before the Court on Plaintiffs' Motion for Entry of the Proposed Class Distribution Order. Defendants have not opposed the Motion. For the following reasons, the Motion is granted.

On August 13, 2004, the Court entered an Order and Final Judgment approving the terms of the Stipulation and Agreement of Settlement dated May 7, 2004 ("the Stipulation"), and the Plan of Allocation for distributing the settlement proceeds to the Settlement Class Members in this consolidated class action. The Court also directed the parties to complete the terms of the Stipulation. In satisfaction of due process requirements, all Settlement Class Members who filed claims that were in any way ineligible or deficient were: (1) informed that their claims were ineligible or deficient; (2) given opportunities to correct any deficiency prior to their claims being finally rejected; or (3) permitted to contest the determination as to the deficiency by requesting a hearing before the Court.

The Court has retained exclusive jurisdiction over the parties and the Settlement Class Members for all matters relating to this action, including the administration, interpretation, effectuation, and enforcement of the Stipulation, and including any application for fees and expenses incurred in connection with prosecuting the action and in administering and

distributing the settlement proceeds to the Settlement Class Members. Having considered the Declaration of Timothy J. MacFall of Bernstein Liebhard & Lifshitz, LLP, on behalf of Plaintiffs' Co-Lead Counsel; the Affidavit of Jack R. DiGiovanni, Director of Operations for The Garden City Group, Inc. ("GCG"), the claims administrator; and all the files, records, and proceedings herein, it is hereby **ORDERED**:

1. Plaintiffs' Motion for Entry of the Proposed Class Distribution Order (Docket No. 54) is **GRANTED**.

2. The administrative determinations of GCG accepting the claims as indicated in the list of accepted claims on the CD-Rom submitted with and described in the DiGiovanni Affidavit, calculated under the Plan of Allocation, including claims submitted after September 12, 2004, are approved and these claims are hereby accepted.

3. The administrative determinations of GCG rejecting the claims submitted with and described in the DiGiovanni Affidavit are approved, and these claims are hereby rejected.

4. Payment shall be made from the Settlement Fund to the Internal Revenue Service for the proper amount of taxes due and owing on the interest earned on the Settlement Fund while in escrow.

5. The balance of the Net Settlement Fund after deducting the payments previously allowed and the payments set forth herein shall be distributed to the Authorized Claimants as listed on the printouts submitted with the DiGiovanni Affidavit

under the proposed Plan of Allocation in proportion to the Recognized Claim allocable to each such Authorized Claimant as shown on such printouts.

6. The checks for distribution to the accepted claimants shall bear the notation "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION 180 DAYS AFTER ISSUE DATE." Plaintiffs' Co-Lead Counsel and GCG are authorized to take appropriate action to locate and contact any Authorized Claimant who has not cashed his, her, or its check within said time.

7. The costs of such services to locate and reissue checks to such claimants shall be payable from the unclaimed/uncashed monies remaining in the Net Settlement Fund.

8. After one year following the initial distribution of the Net Settlement Fund to Authorized Claimants and after appropriate efforts have been made to have the Authorized Claimants cash their checks, Plaintiffs' Co-Lead Counsel are authorized, after payment of any unpaid costs or fees incurred in administering the Net Settlement Fund, to distribute any funds remaining in the Net Settlement Fund by reason of returned or unpaid checks or otherwise, to Authorized Claimants who have cashed their checks, provided that they would receive at least $10.00 on such re-distribution based on their Recognized Claims, after payment of any unpaid costs or fees incurred in administering the Net Settlement Fund for such re-distribution. In the event that there are any monies remaining in the Net Settlement Fund following the distribution pursuant to the

terms of this Order, the payment of any Court-awarded fees and the reimbursement of expenses incurred in connection with the administration of the Settlement, and the payment of all taxes, such monies shall be donated in equal parts to the non-sectarian charities designated by Plaintiffs' Co-Lead Counsel, specifically the Girls and Boys Club of the Twin Cities and Hofstra Law School.

9.  The Court finds that the administration of the Settlement and the proposed distribution of the Net Settlement Fund comply with the terms of the Stipulation and the Plan of Allocation and that all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, are released and discharged from any and all claims arising out of such involvement, and all Settlement Class Members, whether or not they are to receive payment from the Net Settlement Fund, are barred from making any further claim against the Net Settlement Fund or the Released Parties beyond the amount allocated to them pursuant to this Order.

10. GCG is hereby authorized to discard paper or hard copies of the Proof of Claim forms and supporting documents not less than one year after the initial distribution of the Net Settlement Fund to eligible claimants, and electronic or

magnetic media data not less than three years after the initial distribution of the Net Settlement Fund to the eligible claimants.

11. The application for the payment of fees and the reimbursement of expenses in the amount $704,252.48, incurred and to be incurred by GCG for services rendered in connection with the administration of the Settlement, as detailed in the DiGiovanni Affidavit, is hereby approved and payment of the foregoing shall be made from the Settlement Fund prior to distribution to the members of the Settlement Class.

12. This Court shall retain jurisdiction over any further application or matter that may arise in connection with this action.

13. No claim submitted after January 1, 2006, may be accepted for any reason whatsoever.

Dated: March 10, 2006

                                                s/ Paul A. Magnuson
                                                Paul A. Magnuson
                                                United States District Court Judge